IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| PAUL K. KUPIHEA, | ) | CIV. NO. 09-00311 SOM/KSC |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER DISMISSING COMPLAINT |
| vs. | ) | |
| | ) | |
| UNITED STATES OF AMERICA; STATE OF HAWAII; JUDGE WILFRED WATANABE; JUDGE FRANCIS Q. WONG; JUDGE KAREN AHN; JUDGE VICTORIA MARKS; JUDGE WENDALL HUDDY; OFFICE OF PROSECUTING ATTORNEY; HONOLULU POLICE DEPARTMENT; U.S. ATTORNEY GENERAL; and ATTORNEY GENERAL, STATE OF HAWAII, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER DISMISSING COMPLAINT

On July 9, 2009, Plaintiff Paul K. Kupihea filed an unintelligible document titled "Statement of Jurisdiction." This court construes that document to be a Complaint that seeks to release Kupihea from prison because he is a member of the Kingdom of Hawaii. Kupihea's Complaint suffers from many deficiencies and is therefore dismissed pursuant to 28 U.S.C. § 1915A.

This court is required to review all complaints "in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). This court is required to dismiss the complaint, or any portion of it, if the complaint "(1) is frivolous, malicious, or fails to state a claim upon

which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A(b). From what the court can glean from Kupihea's Complaint, Kupihea is incarcerated in a prison in Arizona based on a state-court conviction and seeks to be released because he is Hawaiian and a member of the Kingdom of Hawaii.  Because Kupihea is a prisoner who is seeking relief from governmental entities and officers and employees of governmental entities, this court screens his Complaint and dismisses it because it fails to state a claim upon which relief may be granted, is frivolous, and may be seeking relief not available here.

The Complaint is dismissed because its factual allegations are insufficient for this court or any Defendant to determine what relief Kupihea is actually seeking.  The Complaint is nearly devoid of factual allegations explaining Kupihea's situation and therefore clearly violates Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) ("factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true even if doubtful in fact").

Even if the Complaint sufficiently alleged facts to support his claim, the Complaint may be seeking relief that cannot be had in this court.  If Kupihea is asking this court to sit as an appellate court over his state-court conviction, this

court may not do so.  See District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482-86 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16 (1923).

> [A] losing party in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States District Court, based on the losing party's claim that the state judgment itself violates the loser's federal rights.

Bennett v. Yoshina, 140 F.3d 1218, 1223 (9th Cir. 1998) (quoting Johnson v. DeGrandy, 512 U.S. 997, 1005 (1994)).

     To the extent Kupihea is seeking to have a pending state-court criminal charge dismissed, such a claim is barred by the abstention doctrine set forth in Younger v. Harris, 401 U.S. 37, 45-46 (1971); see also Keka v. Florendo, Civ. No. 09-00222 ACK/LEK, slip op. (D. Haw. May 22, 2009) (rejecting a § 2241 petition claiming that a person being prosecuted for a state-court crime is not subject to arrest, trial, or imprisonment because he is a member of the Kingdom of Hawaii).

     To the extent Kupihea is seeking relief under 28 U.S.C. § 2254, his Complaint is dismissed because it does not establish that he exhausted his administrative remedies under § 2254(b)(1)(A).

     Finally, the Complaint is patently frivolous, as it seeks relief based on the unsupported theory that he should be released from prison because he is a member of the Kingdom of Hawaii.  In State v. Lorenzo, 77 Haw. 219, 221, 883 P.2d 641, 643

(Ct. App. 1994), the Intermediate Court of Appeals for the State of Hawaii stated that the Kingdom of Hawaii is not presently recognized as a sovereign state by either the United States of America or Hawaii.  Id.; accord State v. French, 77 Haw. 222, 228, 883 P.2d 644, 649 (Ct. App. 1994) ("presently there is no factual (or legal) basis for concluding that the [Hawaiian] Kingdom exists as a state in accordance with recognized attributes of a state's sovereign nature") (quoting Lorenzo, 77 Haw. at 221, 883 P.2d at 643) (bracket in original)).

Federal cases have also rejected claims based on the argument that a person is member of the Kingdom of Hawaii.  See United States v. Lorenzo, 995 F.2d 1448, 1456 (9th Cir. 1993) ("The appellants have presented no evidence that the Sovereign Kingdom of Hawaii is currently recognized by the federal government"); Macomber v. United States, Civil No. 03-00203 HG, slip op. (D. Haw. Oct. 7, 2003) (rejecting claim that a member of the Kingdom of Hawaii could not be arrested pursuant to Hawaii law), aff'd 101 Fed. Appx. 715 (9th Cir. 2004); Naehu v. State of Hawaii, Civil No. 01-00579 SOM/KSC, slip op. (D. Haw. Sept. 6, 2001) (holding that traffic laws apply to persons claiming to be members of the Kingdom of Hawaii).  Because there is no recognized Sovereign State of the Kingdom of Hawaii, Kupihea lacks a factual and legal basis for his Complaint.  Moreover, courts have found that the laws of Hawaii apply to Native

Hawaiians.  See, e.g., Nishitani v. Baker, 82 Haw. 281, 289, 921 P.2d 1182, 1190 (Ct. App. 1996) ("We reject the first concept--that Defendants, as 'birth descendants of Native Hawaiians,' are not subject to the government and courts of the State of Hawaii--in light of our recent decision in State v. Lorenzo.").

The dismissal of Kupihea's Complaint is without prejudice.  Kupihea may file an Amended Complaint no later than August 10, 2009.  If Kupihea files an Amended Complaint, he must, at the same time, pay the applicable filing fee or submit a motion seeking to proceed without prepayment of fees.  Failure to pay the applicable filing fee or submit a motion seeking to proceed without prepayment of fees at the same time that an Amended Complaint is filed will result in the automatic dismissal of the Amended Complaint without further order of this court.  The court notes that, even if a motion to proceed without prepayment of fees is granted, the applicable filing fee will be taken out of Kupihea's prisoner account over a period of time.

Kupihea is notified that, pursuant to 28 U.S.C. § 1915(g), a prisoner may not bring a civil action or appeal a civil judgment under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be

granted, unless the prisoner is under imminent danger of serious physical injury."  If Kupihea does not amend the Complaint to cure the deficiencies enumerated in this order and pay the appropriate filing fee or file a motion to proceed without prepayment of fees, this dismissal shall constitute a strike under 28 U.S.C. § 1915(g).

       The Clerk of Court is directed to send a copy of this order to 1) Edward Kubo, United States Attorney, PJKK Federal Building, Rm. 6100, Honolulu, Hawaii 96850; 2) Mark Bennett, Attorney General, State of Hawaii, 425 Queen St., Honolulu HI 96813; and 3) Carrie Okinaga, Corporation Counsel, City & County of Honolulu, 530 S. King. St., Rm. 110, Honolulu HI 96813.

       IT IS SO ORDERED.

       DATED: Honolulu, Hawaii, July 10, 2009.



      /s/ Susan Oki Mollway
      Susan Oki Mollway
      Chief United States District Judge

Kupihea v. United States of America, et al., Civ. No. 09-00311 SOM/KSC; ORDER DISMISSING COMPLAINT